```
SPENCER FANE, LLP
Richard F. Holley, Esq.
NV Bar No. 3077
Email: rholley@spencerfane.com
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Telephone: 702.408.3400
Facsimile:  702.408.3401

LUCOSKY BROOKMAN LLP
Jean-Marc Zimmerman, Esq.
(Admitted *Pro Hac Vice*)
Email: jmzimmerman@lucbro.com
101 Wood Avenue South
Woodbridge, New Jersey 08830
Telephone: (908) 768-6408

Attorneys for Plaintiff
```

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Verify Smart Corp,<br><br>        Plaintiff(s),<br><br>v.<br><br>Colleen Scammell,<br><br>        Defendant(s). | Case No. 3:24-cv-0559-MMD-CLB<br><br>Order Granting *Ex Parte* Emergency Motion for Enlargement of Time For Service<br><br>(First Request) |

Verify Smart Corp. ("Plaintiff" or "VSMR"), by and through its attorneys Richard F. Holley, Esq., of the law firm Spencer Fane LLP and Jean-Marc Zimmerman, Esq., of the law firm Lucosky Brookman LLP hereby submits this *Ex Parte* Emergency Motion for Enlargement of Time for Service of the Summons and the Complaint for an additional forty-five (45) days ("Motion") on Defendant Colleen Scammell ("Defendant"). This Motion is brought *ex parte* because there are no other parties in the action. The Motion is brought on an emergency basis because the deadline for service expires on March 5, 2025

This Motion is made and based upon the pleadings and papers on file herein, the following Memorandum of Points and Authorities, the Declaration of Jean-Marc Zimmerman (the

"Zimmerman Declaration") submitted in support hereof and filed herein as an attachment, any exhibits attached hereto, and any oral argument presented at a hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND BACKGROUND

1. On December 5, 2025, Plaintiff filed its Complaint in this action against the Defendant for breach of contract; interference with contractual relations; interference with prospective economic advantage; fraud; defamation; and other relief. *See* ECF No. 1. On December 17, 2024, the court granted Jean-Marc Zimmerman's verified petition for permission to practice pro hac vice (ECF No. 6). On December 24, 2024, the Clerk of the Court issued summons to Defendant, Colleen Scammell (ECF No. 7).

2. On December 30, 2024, Plaintiff sent the Summons and Complaint in this matter to ABC Legal Services for service on Defendant in Canada at her home address in Coquitlam, British Columbia, Canada. *See* Zimmerman Declaration ¶ 4.

3. On February 14, 2025, personal service had not yet been effectuated on Defendant. Counsel recently learned that ABC Legal Services did not process the order for service of the summons and complaint. *Id.* at ¶ 5.

4. Consequently, on February 14, 2025, Plaintiff emailed a copy of the Summons and Complaint to both Defendant and her New Jersey attorney Anthony Arturi, respectively. *Id.* at ¶ 6; *and see* **Exhibits 1 and 2** attached thereto.

5. Plaintiff also sent the Summons and Complaint to Defendant by Federal Express which was delivered to Defendant's home on January 26, 2025. *Id.* at ¶ 7; *and see* **Exhibit 3** attached thereto.

6. To date, Defendant has failed to answer or otherwise respond to the Complaint in this matter. *Id.* at ¶ 8.

7. After exhausting all reasonable efforts to serve Defendant and attempting to comply with proper service deadlines, Plaintiff now respectfully requests that this Court enter an Order allowing the enlargement of time for service of the summons and the complaint for an additional forty-five (45) days.

LV 6833792.4

## II. LEGAL ARGUMENT

**A. There Is Good Cause To Extend The Deadline For Service Due To Plaintiff's Diligent But Unsuccessful Efforts At Service.**

Fed. R. Civ. P. 4(m) provides two avenues for relief when a plaintiff seeks to extend time to serve a summons and complaint. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) ("If a defendant is not served within [90] days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). "The first is mandatory: the district court must extend time for service upon a showing of good cause." *Id.* "The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Id.*

"Good cause" generally means "that service has been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control." *Chemehuevi Indian Tribe v. Wilson*, 181 F.R.D. 438, 440 (N.D. Cal. 1998) (emphasis added); *see also Yates v. Yee Mei Cheung*, No. C10-5404 TEH, 2012 WL 3155700, at *3 (N.D. Cal. Aug. 2, 2012). Further, in 2015, the presumptive time for serving a defendant was reduced from 120 days to 90 days. Fed. R. Civ. P. 4(m), advisory committee's notes (2015 amendment). The advisory committee noted that "[s]hortening the presumptive time for service will increase the frequency of occasions to extend the time. *Id.* More time may be needed, for example… when… a defendant is difficult to serve…." *Id.* (Emphasis added).

Here, Plaintiff has exhausted all good faith attempts to serve Defendant and has been prevented from serving Defendant, by factors beyond Plaintiff's control. Plaintiff was first attempting to serve the Defendant by delivering the Summons and Complaint to a process server in Canada to serve the Defendant at her home in Canada. *See* Zimmerman Declaration. Plaintiff also attempted to contact and locate Defendant through email. *Id.* Despite locating Defendant's

home address and attempting service there, Defendant continues to be difficult to serve and has eluded the extensive attempts that Plaintiff made to locate and serve her.

Good cause exists to enlarge the time to serve because Plaintiff has exhausted all reasonable attempts to locate, notify and serve Defendant even though service has not yet been successful. Further, good cause also exists because Plaintiff has been prevented from timely serving Defendant through several factors outside its control—the unsuccessful attempts at serving Defendant. For these reasons, good cause exists for this Court to grant the Motion to enlarge time to serve for an additional forty-five (45) days.

### III. CONCLUSION

For the above stated reasons, an order for the enlargement of time to serve the summons and the complaint for an additional forty-five (45) days is warranted and appropriate in the instant case, and Plaintiff's Motion should be granted on that basis.

DATED this 5th day of March 2025.

SPENCER FANE, LLP

/s/ Richard F. Holley
Richard F. Holley, Esq. (NV Bar No. 3077)
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101

LUCOSKY BROOKMAN LLP
Jean-Marc Zimmerman, Esq.
(Admitted *Pro Hac Vice*)
101 Wood Avenue South
Woodbridge, New Jersey 08830

Attorneys for Plaintiff

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATE: ___March 5, 2025___

LV 6833792.4