# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

VERIFY SMART CORP.,

Plaintiff,

v.

COLLEEN SCAMMELL,

Defendant.

Case No. 3:24-CV-00559-MMD-CLB

**ORDER DENYING MOTION TO STAY DISCOVERY**

[ECF No. 25]

Currently pending before the Court is Defendant Colleen Scammell's ("Scammell") motion to stay discovery, (ECF No. 25), pending the District Court's determination of pending motion to dismiss at ECF No. 15. Plaintiff Verify Smart Corp. ("VSMR") responded, (ECF Nos. 26, 27), and Defendants replied, (ECF No. 28). The Court has reviewed the relevant pleadings and papers, and, for the reasons set for below, denies Scammell's motion to stay discovery.

To determine if a stay is appropriate pending the ruling on a motion to dismiss, the court must consider the following factors: (1) whether the pending motion is potentially dispositive of the case; (2) whether the motion can be decided without additional discovery; and (3) whether the court is convinced that the plaintiff cannot state a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[1] The Court must take a "preliminary peek" at the merits of the underlying dispositive motion to find whether the plaintiff can state a claim. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). The "preliminary peek" does not prejudge the outcome of the motion; it merely evaluates whether an order staying discovery is warranted. *See id*.

In conducting its review, the Court also considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules should "be construed, administered, and

---

[1]    The undersigned follows the majority approach within the District when adjudicating motions to stay discovery—i.e., the preliminary peek framework outlined in *Kor Media*—and expressly adopts the analysis from Judge Koppe's order in *Flynn v. Nevada*, 345 F.R.D. 338 (D. Nev. 2024), which rejects the minority "good cause" approach.

employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." With Rule 1 as its prime directive, the court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case. *See Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 512 (D. Nev. 2020).

With these principles in mind, the Court turns to the pleadings and motions underlying Defendants' motion to stay discovery. The parties agree that Scammell's motion to dismiss is potentially dispositive and no discovery is required to rule on the motion to dismiss. (*See* ECF Nos. 25 at 2, 26 at 6-7.) The Court focuses on the third factor of *Kor Media*, the preliminary peak. In conducting this "preliminary peek," the Court reviewed the operative Complaint in this action, (ECF No. 1), the filings related to Scammell's motion to dismiss, (ECF Nos. 15, 22, 23), and the current filings related to the motion to stay, (ECF Nos. 25, 26, 27, 28). Moreover, the Court considered the primary objectives of Rule 1 and the purpose of discovery in this matter.

VSMR alleges claims of breach of contract, interference with contractual relations, interference with prospective economic advantage, fraud, and defamation against Scammell. (ECF No. 1.) Scammell argues VSMR's claims should be dismissed "because VSMR's claims are barred by the statute of limitations, because the Court does not have jurisdiction over Defendant, and because VSMR otherwise fails to state a claim." (ECF No. 25 at 1.)

Here, the Court is not firmly convinced the motion to dismiss will be granted in its entirety. First, there appears to be a question of fact as to whether VSMR was on notice of the *Voyager Health* Judgment and if VSMR's claims are time-barred. "A claim may be dismissed as untimely pursuant to a 12(b)(6) motion 'only when the running of the statute of limitations is apparent on the face of the complaint.'" *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (alteration omitted) (quoting *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010)).  Courts typically do not dismiss claims based on statute of limitations unless

Defendants "irrefutably show" the claim is time-barred. *See Urb. Outfitters, Inc. v. Dermody Operating Co., LLC*, 3:21-cv-00109-MMD-CLB, 572 F. Supp. 3d 977, 995 (D. Nev. 2021) ("Because Defendants have failed to irrefutably show that Plaintiff was on notice that Defendants may have breached their agreement, the Court will deny United's Motion without prejudice as to the statute of limitations argument."); *see also Armstrong v. Armstrong*, No. 3:24-CV-00469-ART-CSD, 2025 WL 947673, at *2 (D. Nev. Mar. 27, 2025) (When "a cause of action accrues [is] usually and necessarily [a] question[] of fact for the jury." (internal citation omitted)).

Second, to the extent Defendants' motion to dismiss is based on pleading deficiencies, the District Court will likely grant VSMR leave to amend their complaint. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Even if the motion to dismiss is granted, the Court is fairly convinced that VSMR will be given leave to file an amended complaint to cure any defects that may be contained within the pleading. *See id.* As such, it appears that, at a minimum, some of the claims asserted in the Complaint will proceed – in spite of the motion to dismiss.

Therefore, the Court finds Scammell fails to make the strong showing necessary to support a stay of discovery. The Court is not firmly convinced that Scammel will prevail on her motion to dismiss or that VSMR's claim is "utterly frivolous, or filed merely for settlement value." *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D.Nev.1997) Proceeding with discovery while Scammell's motion to dismiss is pending will further the just and speedy determination of this case. *See* Fed. R. Civ. P. 1.

Accordingly, Scammell's motion to stay discovery, (ECF No. 25), is **DENIED**. The parties are ordered to **FILE A JOINT PROPOSED DISCOVERY PLAN AND SCHEDULDING ORDER** by **FRIDAY, AUGUST 8, 2025.**

**IT IS SO ORDERED**.

**DATED**: _____July 24, 2024_____

_____
**UNITED STATES MAGISTRATE JUDGE**

3