UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VERIFY SMART CORP., | Case No. 3:24-cv-00559-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| COLLEEN SCAMMELL, | |
| Defendant. | |

## I.    SUMMARY

Plaintiff Verify Smart Corp. brings this action against Defendant Colleen Scammell, asserting breach of contract, fraud, and other tort claims arising from a License and Assignment Agreement ("License Agreement") that purported to grant Plaintiff license to various patents. (ECF No. 1 ("Complaint").) Defendant filed a motion to dismiss. (ECF No. 15 ("Motion")[1].) For the reasons explained below, the Court grants the Motion as to the defamation claim and denies the Motion as to the remaining claims. Dismissal of the defamation claim is with leave to amend.

## II.    BACKGROUND[2]

On April 2, 2018, Plaintiff and Defendant entered into a License Agreement that granted Defendant a license to various U.S. and foreign patents related to an invention entitled "System and Method for Verifying a User's Identity in Electronic Transactions" ("Patents"). (ECF No. 1 at 2.) Under the terms of the License Agreement, Plaintiff was granted "an exclusive worldwide license to use and exploit" the Patents and "to be the sole party to bring infringement actions against third parties." (*Id.* at 2, 15.) The License

---

[1]Plaintiff responded (ECF No. 22 ("Response")) and Defendant replied (ECF No. 23 ("Reply")).

[2]The following facts are adapted from the Complaint.

Agreement provided that the Patents were free of encumbrances, that Defendant "owns and possesses and has good and marketable title to the [Patents]" and that there were no "actions, suits, proceedings, investigations, complaints, orders, directives, or notices of defect or noncompliance by or before any court" that would affect the Patents. (*Id.* at 19-20.)

In January 2022, Plaintiff first learned that Defendant was a defendant in Case A-12-659749-B, *David Cohen et al. v. Voyager Health Technologies Corp et. al.* ("*Voyager Health*"), filed in the Clark County District Court of Nevada. (*Id.* at 3.) Defendant is a judgment debtor in this case, and judgment was entered on January 5, 2016, in an amount in excess of three million dollars. (*Id.*) By the time Plaintiff learned of the *Voyager Health* judgment in 2022, over four million dollars was owed due to statutorily accrued interest. (*Id.*) Defendant did not disclose this information during negotiations of the License Agreement and when Plaintiff confronted Defendant about it in January 2022, Defendant dismissed the issue as irrelevant. (*Id.* at 5.)

In January 2023, Defendant contacted Plaintiff's shareholders and made disparaging remarks to them about various members of Plaintiff's board of directors and management. (*Id.* at 4.) She also started litigation against Plaintiff's licensee, Equitable Bank of Canada ("Equitable Bank") in May 2023 and interfered with Plaintiff's patent infringement suit against the Canadian Revenue Agency ("CRA"), claiming in both instances that Plaintiff had no authority to license or enforce one of the Patents included in the License Agreement. (*Id.*)

Based on these allegations, Plaintiff brings claims for (1) breach of contract; (2) interference with contractual relations; (3) interference with prospective economic advantage; (4) fraud in the inducement; and (5) defamation. (*Id.* at 5-9.)

///

///

///

///

2

1   **III.    DISCUSSION**

2       Defendant moves to dismiss the Complaint for failure to state a claim under

3   Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6). (ECF No. 15.)[3] *See* Fed. R. Civ.

4   P. 8; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that to withstand

5   a Rule 12(b)(6) challenge, a plaintiff must allege facts to "nudge[] their claims across the

6   line from conceivable to plausible"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)

7   (holding that a district court must accept as true all well-pled factual allegations in a

8   complaint, while legal conclusions are not entitled to the assumption of truth). The Court

9   will address Defendant's arguments as to each claim in turn.

10      **A.    Breach of Contract**

11      Defendant first argues that Plaintiff's breach of contract claim fails because it is

12  time-barred. Defendant argues that the judgment in *Voyager Health* was entered in

13  January 2016, over two years before Plaintiff and Defendant entered into the License

14  Agreement in April 2018. (ECF No. 15 at 3-4.) Accordingly, since Plaintiff waited six years

15  since the breach occurred and the claim is time-barred under the four-year statute of

16  limitation of NRS § 11.190(1)(b). (*Id.*) Plaintiff counters that the Court should deem the

17  statute of limitations tolled because it did not learn about the *Voyager Health* judgment

18  until January 2022. (ECF No. 22 at 10.) Defendant, in her Reply, argues that the *Voyager*

19  *Health* judgment is public action about which Plaintiff had constructive knowledge, and

20  "mere ignorance" to reasonably accessible information is no excuse. (ECF No. 23 at 1-

21  2.)

22      The Court agrees with Plaintiff. Under Nevada's discovery rule, "the statutory

23  period of limitations is tolled until the injured party discovers or reasonably should have

24

25      [3]Defendant additionally argues, without citing to legal authority, that while the
26  License Agreement contains a forum selection clause in favor of Nevada, she is not
    subject to the Court's jurisdiction. (ECF No. 15 at 5-6.) The Court rejects this argument
27  as the forum selection clause is presumptively valid, *see Manetti-Farrow Inc. v. Gucci*
    *America, Inc.*, 858 F.2d 509, 514-15 (9th Cir. 1988), and because Defendant has failed
28  to make a compelling a cogent argument as to why she has not waived personal
    jurisdiction.

3

1    discovered facts supporting a cause of action." *Peterson v. Bruen*, 792 P.2d 18, 20 (Nev.

2    1990). Plaintiff alleges that it did not know about the *Voyager Health* judgment until

3    January 2022 due to Defendant's concealment, thus the Court finds that the statute of

4    limitations began to accrue at that time.[4] The Court accordingly finds that Plaintiff's breach

5    of contract claim is not time-barred.

6        Defendant next argues that Plaintiff failed to sufficiently plead damages for its

7    breach of contract because it does not adequately state damages. (ECF No. 15 at 5.)

8    Under Nevada law, the plaintiff in a breach of contract action must show (1) the existence

9    of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the

10   breach. *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 899 (9th Cir. 2013). Here,

11   Plaintiff alleges that it sustained damages as a result of Defendant's breach because the

12   encumbered Patents are diminished in value and the amount of compensation Plaintiff

13   can obtain and is entitled to retain is also diminished. (ECF No. 1 at 5.) The Court finds

14   that this factual allegation is sufficient to plead that Plaintiff suffered damages.

15   Accordingly, the Court denies Defendant's Motion as to the breach of contract claim.

16        **B.    Interference with Contractual Relations**

17        Defendant argues that Plaintiff's interference with contractual relations claim

18   should be dismissed because Plaintiff fails to allege how Defendant interfered with

19   various of Plaintiff's contracts. Moreover, Defendant alleges that Plaintiff merely recites

20   the elements of the cause of action, and in particular, makes only conclusory allegations

21   as to the fourth and fifth elements. (ECF No. 15 at 6-7.)

22

23

---

24   [4]Defendant cites to multiple cases to support her argument that Plaintiff had
constructive notice of the *Voyager Health* judgment. (ECF No. 23 at 2.) The Court finds
25   these cases sufficiently factually dissimilar as to be unpersuasive. For example, in
*Wagner v. Chevron U.S.A., Inc.,* 281 P.3d 1228 (Nev. 2009), the court held that Plaintiff
26   was on constructive notice considering precedent that a recorded real estate deed
constitutes constructive notice, and in *Yamek v. GameCo LLC*, 537 P.3d 472 (Nev. 2023),
27   the court affirmed the lower court's holding in large part because the Yamek parties had
been provided actual notice that the subject intellectual property was included in the
28   bankruptcy proceedings.

"In an action for intentional interference with contractual relations, a plaintiff must establish: (1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) resulting damage." *Nakamura v. Sunday Grp. Inc.*, No. 2:22-CV-01324-MMD-EJY, 2024 WL 2959278, at *7 (D. Nev. June 12, 2024) (quoting *J.J. Indus., LLC v. Bennett*, 71 P.3d 1264, 1267 (Nev. 2003).

In its Complaint, Plaintiff alleges that Defendant interfered with valid contracts with its shareholders, PCP, and Equitable Bank. (ECF No. 1 at 6.) Specifically, Plaintiff alleges that Defendant interfered with its contract with its shareholders by making defamatory statements about its board and with PCP and Equitable Bank by starting litigation in Canada that challenges Plaintiff's ability to license the Patents. (*Id.* at 4.) Considering these allegations, the Court disagrees with Defendant and finds that Plaintiff adequately described factual allegations showing how Defendant interfered with Plaintiff's contracts.

As to the remaining elements, the Court agrees with Defendant that Plaintiff's allegations under the particular count recite the elements of the cause of action. (ECF No. 1 at 6.) However, upon reading of the Complaint as a whole—and in each count, Plaintiff re-alleges all preceding paragraphs—the Court finds sufficient factual allegations. For example, Plaintiff alleges elsewhere in its Complaint that Defendant started litigation against Plaintiff's licensee, claiming that Plaintiff had no authority to license one of the Patents. (*Id.* at 4.) As Plaintiff clarifies in its response, this has harmed it because "[Defendant] has hampered [Plaintiff]'s ability to license the Patents to others." (ECF No. 22 at 11.) This allegation is sufficient to support the elements of an interference with contractual relations claim because it alleges both disruption to the contracts and damages. Additionally, that Defendant filed litigation against Plaintiff's licensee supports a reasonable inference that Defendant was aware of the existence of Plaintiff's contract.

The Court thus denies Defendant's Motion as to the interference with contractual relations claim.

///

## C.    Interference with Prospective Economic Advantage

Defendant argues that the interference with prospective economic advantage claim must be dismissed because Plaintiff failed to allege a prospective contractual relationship between Plaintiff and CRA. (ECF No. 15 at 9.) Plaintiff counters that Defendant is playing coy because Defendant understands that the purpose of the License Agreement is to enable Plaintiff to pursue third-party infringers and resolve claims in litigation resulting in monetary judgments or license agreements. (ECF No. 22 at 15.)

The Court finds Plaintiff's argument persuasive and finds that Defendant's argument as to the interference with prospective economic advantage fails for largely the same reasons the Court addressed above—namely, Plaintiff has alleged sufficient factual allegations throughout its Complaint to support reasonable factual inferences in support of this claim. Thus, the Court denies the Motion as to the interference with prospective economic advantage claim.

## D.    Fraud in the Inducement

Defendant argues that Plaintiff fails to plead its fraud claim with particularity under Rule 9(b) and fails to meet basic pleading requirements. Defendant insists that Plaintiff's claim must be dismissed because Plaintiff alleges that Defendant believed the previous state case judgment was "irrelevant" thus its claim necessarily fails (ECF No. 15 at 12).[5] Plaintiff counters that Defendant attempts to twist the meaning of its allegations, and that Plaintiff has adequately pleaded with specificity its fraud claim. (ECF No. 22 at 17-18.)

A claim for fraud in the inducement requires a showing of (1) a false representation; (2) knowledge or belief that the representation was false (or knowledge that the defendant's basis for making the representation was insufficient); (3) intent to induce the plaintiff to consent to the contract's formation; (4) justifiable reliance upon the misrepresentation; and (5) damage resulting from such reliance. *See J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (Nev. 2004). "In alleging fraud

---

[5]Defendant additionally argues that the claim is time-barred. (*Id*. at 12-13.) The Court rejected this argument *supra*.

or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. Pro. 9(b). This rule applies to state-law causes of action, and a plaintiff must allege the circumstances constituting the alleged fraud specifically including the who, what, when, where and how of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). "Most importantly, the complaint must explain 'what is false or misleading about the purportedly fraudulent statement, and why it is false.'" *In re Cloudera, Inc.*, 121 F.4th 1190, 1187 (9th Cir. 2024) (citing *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018).

As an initial matter, the Court agrees with Plaintiff that Defendant appears to misconstrue the pleadings. In its Complaint, Plaintiff alleges that when it "discovered the existence of the judgment in *Voyager Health* case in January 2022 and confronted [Defendant] about the matter, she dismissed it as irrelevant." (ECF No. 1 at 5.) Defendant argues in in its Motion that "according to [Plaintiff]'s own allegations, [Defendant] believed the *Voyager Health* case to be irrelevant to the Patents," therefore she subjectively believed the judgment was irrelevant and could not have made a fraudulent claim. (ECF No. 15 at 12.) The Court finds this argument unpersuasive, as Plaintiff makes no representation as to the subjective belief of Defendant.

Reviewing the pleadings, the Court finds that Plaintiff has adequately pled with specificity its fraud claim. Plaintiff alleges that during the negotiations before the License Agreement was signed on April 2, 2018, Defendant fraudulently concealed that a judgment had been rendered against her and the Patents were unencumbered. (ECF No. 1 at 2, 7-8.) Plaintiff relied upon this statement and has been damaged because the encumbrance diminishes the value of the Patents and amount of compensation Plaintiff can receive from them. (*Id.* at 5.) These factual allegations are enough to plead fraud with requisite specificity.

### E.    Defamation

Finally, Defendant moves to dismiss Plaintiff's defamation claim because Plaintiff fails to adequately allege the elements. Defendant argues that Plaintiff only vaguely states

that she made false statements about its directors and management, does not identify the purported statements, and does not allege that the statements were not privileged. (ECF No. 15 at 14.) Plaintiff protests that defamation claims are subject to the liberal Rule 8 pleading standard and that it need not put "false, embarrassing, and reputationally harmful statements on the record." (ECF No. 22 at 19-20.)

Plaintiff alleges that Defendant sent "written communications" "containing false and disparaging statements" about certain of its members of the board of directors and management, but it does not identify what statements were defamatory. (ECF No. 1 at 8.) While Plaintiff need only provide a short, plain statement placing Defendant on notice and the grounds upon which the claim rests, the Court finds that Plaintiff has not done so, because Plaintiff has not alleged what statements were made. *See Blanck v. Hager*, 360 F.Supp.2d 1137, 1160 (D. Nev. 2005), *aff'd*, 220 F. App'x 697 (9th Cir. 2007) (finding that plaintiff did not sufficiently plead defamation for failing to allege the specific statements constituting defamation); *Wisdom v. United States*, No. 3:06-CV-00094-PMP, 2010 WL 3981712, at *8 (D. Nev. Oct. 8, 2010) (granting defendants' motion to dismiss plaintiff's defamation claim where the complaint failed to put forth the allegedly defamatory statements).

While Plaintiff's Complaint does not sufficiently plead defamation, Plaintiff also requests leave to amend. (ECF No. 22 at 20.) If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992). The Court will thus grant Defendant's motion to dismiss Plaintiff's defamation claim, but the Court will grant Plaintiff leave to amend its Complaint to cure the deficiencies discussed above, namely, to allege the specific statements constituting defamation.

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and

determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendant's motion to dismiss (ECF No. 15) is granted in part and denied in part. It is granted as to the defamation claim and denied as to the remaining claims.

It is further ordered that Plaintiff has 15 days from the date of entry of this order to amend its complaint to cure the deficiencies as to its defamation claim. Failure to timely file an amended complaint will result in dismissal of the defamation claim with prejudice.

DATED THIS 4th Day of November 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

9