UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VERIFY SMART CORP., <br><br>                Plaintiff, <br><br>    v. <br><br>COLLEEN SCAMMELL, <br><br>                Defendant. | Case No. 3:24-CV-00559-MMD-CLB <br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL AND TO ADJUDICATE ATTORNEY'S LIEN** <br><br>[ECF No. 36] |

Currently pending before the Court is Before the Court is Richard F. Holley and Jessica M. Luhan's (jointly referred to as "Counsel") motion to withdraw as counsel for Plaintiff Verify Smart Corp. ("Verify") and to adjudicate their attorney's lien. (ECF No. 36.)

**I.    WITHDRAW AS COUNSEL**

The Court will first address Counsel's request to withdraw as counsel for Verify. No opposition was filed, and Counsel certifies that the motion to withdraw was served on Verify. (ECF No. 37.)

Good cause appearing, Counsel's request to withdraw is granted. Verify are advised that the Ninth Circuit has held that a corporation and other unincorporated associations may only appear in federal court through an attorney. *United States v. High Country Broadcasting Co., Inc.,* 3 F.3d 1244 (9th Cir. 1993); *Licht v. America West Airlines*, 40 F.3d 1058 (9th Cir. 1994). Therefore, Verify shall file a substitution of counsel on or before Monday, January 12, 2026.

**II.    ADJUDICATE ATTORNEY'S LIEN**

The Court will now turn to Counsel's request to adjudicate their attorney's lien. The Court has ancillary jurisdiction over fee disputes generated by an attorney's withdrawal. *See, e.g., Federal Sav. & Loan Ins. Corp. v/ Ferrante*, 364 F.3d 1037, 1041, 731 (9th Cir. 2004) ("Determining the legal fees a party to a lawsuit properly before the court owes its attorney, with respect to the work done in the suit being litigated, easily fits

the concept of ancillary jurisdiction."). The state's law in which a federal court sits governs resolution of an attorney's lien. *Guerrero v. Wharton*, 2019 WL 2814662, at *2 (D. Nev. June 17, 2019). This Court sits in the state of Nevada. As such, Nevada law applies. The Court will first determine the nature of Counsel's attorney's lien and then turn to adjudicating the lien.

### A.     Type of Attorney's Lien

Counsel generally alleges they are entitled to a lien under NRS 18.015. (ECF No. 36.) "In Nevada, there are two types of liens an attorney may hold to ensure that clients pay their attorney's fees." *Figliuzzi v. Eight Judicial Dist. Court In and For County of Clark,* 111 Nev. 338, 890 P.2d 798, 801 (Nev.1995). The first type of lien is a "charging lien" under § 18.015(1)(a). This lien is upon "any claim, demand[,] or cause of action," which the client placed in the attorney's hands "for suit or collection, or upon which a suit or other action has been instituted." NRS 18.015(1)(a). A charging lien under this subsection "attaches to any verdict, judgment[,] or decree entered and to any money or property which is recovered on account of the suit or other action." NRS 18.015(4)(a). Thus, a charging lien requires an affirmative money recovery. *Fed. Nat'l Mortg. Ass'n v. Villagio Community Ass'n*, No. 2:17-cv-01799-JAD-CWH, 2018 WL 6059512, at *2 (D. Nev. Oct. 30, 2018).

The second type of lien is a "retaining lien" under § 18.015(1)(b). A retaining lien is "upon any file or other property" that the client left in their attorney's possession, including "copies of the attorney's file if the original documents received from the client have been returned to the client." NRS 18.015(1)(b). Unlike a charging lien, a retaining lien does not require a verdict, judgment, decree, or affirmative money recovery. *Nationstar Mort*, 2017 WL 1788682, at *2; *see Fredianelli v. Fine Carman Price*, 402 P.3d 1254, 1256 (Nev. 2017) (finding that N.R.S. 18.015(4)(b) does not require an affirmative recovery for a retaining lien because the lien attaches to "any file or other property properly left in the possession of the attorney by his or her client"). Instead, it "depends only on possession of the client's file or other property. . . and 'applies to a general balance

for all professional services performed.' " *Id.* (citing NRS 18.015(4)(b)). If a retaining lien attaches, then the statute authorizes the attorney to retain a client's property until the lien is adjudicated under NRS 18.015(6). NRS 18.015(4)(b).

Counsel does not specify whether they are entitled to a charging or retaining lien. (*See* ECF No. 36.) In this case, there has been no verdict, judgment, or decree upon which to attach a charging lien. Thus, Counsel is not entitled to a charging lien. *Fed. Nat'l Mortg. Ass'n*, 2018 WL 6059512, at *2. Consequently, Counsel asserts a retaining lien based on files or other property left in possession of Counsel by Verify.

### B.     Adjudication of Retaining Lien

Having now determined the type of attorney's lien in question, the Court must evaluate whether Counsel perfected the lien by properly serving notice of the retaining lien and the amount of the lien upon Verify. *See* NRS 18.015(3). Here, Counsel provided a declaration stating they served a Notice of Attorney's Lien in compliance with NRS 18.015 upon Verify and attached the certified mailing receipts. (ECF No. 36-1, 36-3.) Therefore, the lien attached to Verify's papers and files left in Counsel's possession. *See* NRS 18.015(4)(b). As more than five days has passed since the motion to adjudicate the attorney's lien was filed and served upon Verify, adjudication of the attorney's lien is now proper. *See* NRS 18.015(6).

The Court must now determine whether the fees requested by Counsel are reasonable fees for the services rendered, because Counsel does not provide any fee agreement or contract regarding payment for their services. NRS 18.015(2) ("In the absence of an agreement, the lien is for a reasonable fee for the services which the attorney has rendered for the client."). In the Ninth Circuit, "[t]he customary method of determining fees ... is known as the lodestar method," which "is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996), *opinion amended on denial of reh'g*, 108 F.3d 981 (9th Cir. 1997); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). ("The most useful starting point for determining the

amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.").

Importantly, the lodestar figure enjoys a "strong presumption" of reasonableness, but it can be "enhanced or reduced in 'rare and exceptional cases.' " *Fischer v. SJB-P.D. Inc*, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (citation omitted); *Morales*, 96 F.3d 363 n.8 ("There is a strong presumption that the lodestar figure represents a reasonable fee. 'Only in rare instances should the lodestar figure be adjusted on the basis of other considerations.' " (citation omitted)). Considering that some "[c]ases may be overstaffed, and the skill and experience of lawyers vary widely," courts can exclude from the lodestar amount those hours unreasonably expended. *Hensley*, 461 U.S. at 434.

After calculating the lodestar figure, "the district court then assesses whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the *Kerr* factors that are not already subsumed in the initial lodestar calculation." *Morales*, 96 F.3d at 363–64 (citing *McGrath v. Cnty. of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995)). The Court's Local Rules require that a motions for attorney's fees must include a brief summary of the *Kerr* factors, specifically:

> (A) The results obtained and the amount involved; (B) The time and labor required; (C) The novelty and difficulty of the questions involved; (D) The skill requisite to perform the legal service properly; (E) The preclusion of other employment by the attorney due to acceptance of the case; (F) The customary fee; (G) Whether the fee is fixed or contingent; (H) The time limitations imposed by the client or the circumstances; (I) The experience, reputation, and ability of the attorney(s); (J) The undesirability of the case, if any; (K) The nature and length of the professional relationship with the client; (L) Awards in similar cases; and (M) Any other information the court may request.

LR 54-14(a)(3).

Additionally, Nevada courts must also review the requested amount "in light of the factors set forth in" the Supreme Court of Nevada's decision in *Brunzell v. Golden Gate National Bank*. *Haley v. Dist. Ct.*, 273 P.3d 855, 860 (Nev. 2012) (citing *Brunzell v. Golden Gate National Bank*, 455 P.2d 31, 33 (Nev. 1969)). The *Brunzell* factors include:

(1) the qualities of the advocate: his ability, his training, education, experience, professional standing, and skill;

(2) the character of the work to be done: its difficulty, its intricacy, its importance, time, and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation;

(3) the work actually performed by the lawyer: the skill, time and attention given to the work;

(4) the result: whether the attorney was successful and what benefits were derived.

*Brunzell*, 455 P.2d at 34.

If no opposition is filed, the court may grant the motion after independent review of the record. LR 54-14(d). Ultimately, "[t]here is no precise rule or formula for making these determinations," so "[t]he court necessarily has discretion in making this equitable judgment." *Hensley*, 461 U.S. at 436–37; *see also Morales*, 96 F.3d at 362.

### 1. Reasonable Hourly Rate

"[W]hen determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Courts look to "evidence supporting the hours worked and rates claimed" to determine whether the number of hours expended were reasonable. *Hensley*, 461 U.S. at 433.

Counsel provides a declaration stating the hourly billing rates for the attorneys who worked on this case. Richard Holley, an experienced attorney acting in a supervisory capacity, billed at $860 per hour. (ECF No. 36-1 at 1-2.) Jessica Lujan, who has been practicing since 2018, billed at $525 per hour. (*Id.* at 1.) Jessie Padua, an associate attorney who was admitted to the Nevada State Bar in May of 2025, billed at $315 per hour.[1]

In 2025, a court in this district found fees of $600 per hour for an attorney with 24

---

[1] Counsel did not provide an hourly rate for Jessie Padua. (*See* ECF No. 36-1.) However, based on the timesheet provided, the Court calculated that Padua's hourly rate was $315. (*See* ECF No. 36-3 at 9 (billing $94.50 for 0.3 hours of work and $819.00 for 2.6 hours of work).)

years of experience, $500 per hour for an attorney with 19 years of experience, and $350 for an attorney with 9 years of experience were reasonable in a patent case. *Aim High Inv. Grp., LLC v. Spectrum Lab'ys, LLC*, No. 2:22-CV-00158-GMN-DJA, 2025 WL 1569268, at *3 (D. Nev. June 3, 2025). In other, non-patent cases, the hourly rate of $400-500 has been approved for attorneys with between 18-30 years of experience and $225 for an associate. *Newmark Group, Inc. v. Avison Young*, No. 2:15-cv-00531-RFB-EJY, 2022 WL 990640 (D. Nev. Apr. 1, 2022); *Leftenant v. Blackmon*, No. 2:18-cv-01948-EJY, 2022 WL 605344 (D. Nev. Feb. 28, 2022); *Newmark Group, Inc. v. Avison Young*, No. 2:15-cv-00531-RFB-EJY, 2022 WL 990640 (D. Nev. Apr. 1, 2022); *Buck v. Lakeview Mediation Solutions*, No. 2:20-cv-00189-GMN-BNW, 2021 WL 5176472, at *6 (D. Nev. Oct. 19, 2021); *McGuire v. Allegro Acceptance Corp.*, No. 2:18-cv-01635-MMD-VCF, 2020 WL 3432533, at *4 (D. Nev. June 22, 2020); *Dentino v. Moiharwin Diversified Corp.*, No. 2:16-cv-904, 2017 WL 187146 at *2-3 (D. Nev. Jan. 17, 2017) (granting fees at $350 per hour for a partner and $225 for an associate.) Recently, a court in this district found that an hourly rate of $550 was excessive for a case involving the Fair Labor Standards Act. *Sherman v. Carl Hornung LLC*, No. 2:24-CV-2391 JCM (MDC), 2025 WL 3033998, at *5 (D. Nev. Oct. 29, 2025).

Although the subject matter is complex, as the case concerns multiple patents in the United States and Canada, the Court finds that the hourly rates charged are excessive. Counsel does not provide, nor could the Court find, caselaw that supports the hourly rate of $860 in the District of Nevada. However, as identified above, there is very recent caselaw in this district that found a rate of $600 for a very experienced attorney to be reasonable in a patent case. *Aim High Inv. Grp.*, 2025 WL 1569268, at *3. The Court does not find that an hourly rate of $525 is reasonable for an attorney with 7-8 years of experience, even in a complex patent case such as this, especially considering another court in this district found that $350 was appropriate for an attorney with 9 years of experience in a similar case. *Id.* Finally, the Court finds that an hourly rate of $315 is excessive for an attorney who has been practicing for less than one year.

Based on the awards previously allowed within this district and the Court's familiarity with prevailing rates in this community, the Court finds the following to be reasonable hourly rates:

| Name | Hourly Rate |
|---|---|
| Richard F. Holley, Esq. | $625.00 |
| Jessica M. Lujan, Esq. | $375.00 |
| Jessie Padua, Esq. | $225.00 |

### 2. Hours Reasonably Expended

The Court must next consider the hours expended on the tasks outlined in Counsel's itemization of fees and costs. (ECF No. 36-3.) The party seeking an award of fees must submit evidence supporting the hours worked. *Hensley*, 461 U.S. at 433. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* The Court should exclude from the initial fee calculation hours that are not reasonably expended. *Id.* at 433-34. Using the lodestar approach, courts may exclude such hours using one of two methods. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). "First, the court may conduct an 'hour-by-hour analysis of the fee request,' and exclude those hours for which it would be unreasonable to compensate the prevailing party." *Id.* Second, the court may "make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of excluding non-compensable hours from a fee application." *Id.* (internal quotation marks omitted). "[W]hen a district court decides that a percentage cut (to either the lodestar or the number of hours) is warranted, it must 'set forth a concise but clear explanation of its reasons for choosing a given percentage reduction.' " *Id.*

The Court finds that almost all hours billed were reasonably expended. However, Counsel seeks compensation for 3.4 hours spent preparing the motion to withdraw and for adjudication of the lien, including time spent drafting the Notice of Attorney's Lien. (ECF No. 36-3 at 11-12.) Counsel does not provide case law or a contract showing they are entitled to compensation for time spent preparing the motion or Notice. (*See id.*) The

7

1  Court has found only two instances of a court in the District of Nevada addressing this
2  issue. *Nationstar Mortgage, LLC v. Desert Shores Community Assoc.*, 2017 WL 1788682,
3  at *3 (D. Nev. Jan. 13, 2017) ("The court is aware of only one Nevada case in which a
4  court addressed a request of this nature.") (citing *Montgomery v. eTreppid Technologies*,
5  *LLC*, No. 3:06-cv-0056-PMP(VPC), 2008 WL 820072 *1 (D. Nev. Mar. 24, 2008)).
6  However, only one case addresses the issue where the parties did not have a signed fee
7  agreement, like the instant case. In *Montgomery v. eTreppid Technologies, LLC*, an
8  attorney requested payment for hours spent preparing motions to withdraw and for
9  attorney's fees. No. 3:06-cv-0056-PMP(VPC), 2008 WL 820072, at *1 (D. Nev. March 24,
10 2008). The parties had no signed fee agreement, so the court determined the
11 reasonableness of fees based on the doctrine of *quantum meruit*. *Id.* at *3-4. The court
12 awarded fees for hours spent preparing the motion to withdraw but found that the fees for
13 preparing the motion for attorney's fees were not recoverable under *quantum*
14 *meruit*. *Id.* at *12–13.

15       The doctrine of *quantum meruit* generally applies to an action for restitution where
16 work performed by one party is founded on a promise by another party to pay as much
17 as is reasonably deserved for that work. *Sack v. Tomlin,* 110 Nev. 204, 208, 871 P.2d
18 298 (1994). An "attorney may recover the reasonable value of his services on a *quantum*
19 *meruit* basis." *Harwood v. Carter,* 47 Nev. 334, 222 P. 280 (1924); *see also Gordon v.*
20 *Stewart,* 74 Nev. 115, 324 P.2d 234 (1958) ("The attorneys' right is not based upon (or
21 limited to) his lien. It is based upon contract express or implied. The lien, as is true of
22 other forms of lien, is but security for his right."). The instant case is similar to *eTreppid* in
23 that Counsel does not provide any sort of fee agreement, meaning Counsel is entitled to
24 fees based on *quantum meruit.* As the Court in *eTreppid* found, Counsel is entitled to fees
25 for drafting the motion to withdraw but not as to drafting the Notice of Lien or the portion
26 of the motion seeking adjudication of the attorney's lien. This is reasonable considering
27 that Counsel must withdraw in order for Verify to find other counsel to represent them, but
28 preparation and execution of the lien is not necessary in order for Counsel to be paid for

its work.

Counsel provides a timesheet showing Holley spent 0.1 hour reviewing and revising the draft Notice of Attorney's Lien and Lujan spent 2.4 hours finishing the motion to withdraw and adjudicate lien, preparing the Notice of Attorney's Lien, and coordinating with the accounting department to ascertain client billing information. (ECF No. 36-6 at 11-12.) Of the 2.4 hours spent by Lujan on the combination of tasks, the Court deems it reasonable to find that 1.2 hours were spent working on tasks relating to the adjudication of the lien. Thus, the Court will reduce the hours provided by Counsel by 1.3 hours, 0.1 hours billed by Holley and 1.2 billed by Lujan, to account for time expended working on the Attorney's Lien.

Thus, based on the Court's determination of reasonable hourly rates and hours reasonably expended, the following fee computation applies:

| Name | Hourly Rate | Hours | Fees |
|---|---|---|---|
| Richard F. Holley, Esq. | $625.00 | 18.1 | $11,312.50 |
| Jessica M. Lujan, Esq. | $375.00 | 52.7 | $19,762.50 |
| Jessie Padua, Esq. | $225.00 | 2.9 | $652.50 |
|  |  | TOTAL: | $31,727.50 |

### 3. Reasonableness of Lodestar Amount

Having considered the hourly rate and the legal services itemized in Counsel's declaration, the final step of the analysis is evaluating whether it is necessary to adjust the lodestar amount. *Fischer*, 214 F.3d at 1119 n.4 (citations omitted). Here, the Court must decide whether to increase or reduce the lodestar amount based upon the *Kerr* factors not already included in the initial lodestar calculation. *Id.* The Court must also evaluate the *Brunzell* factors. *Haley*, 273 P.3d at 860.

After reducing both the hourly rate and hours billed, the total amount of fees is $31,727.50. This amount is consistent with awards granted in similar cases in this district. *See Bird-B-Gone, Inc. v. Haierc Industry Co., Ltd.*, 2018 WL 4682320, at *5 (D. Nev. 2018) (awarding of $61,406.73 in a patent-infringement suit resolved by default

judgment).

The Court has also considered all the relevant factors and finds that no other *Kerr* factors or *Brunzell* factors warrant enhancement or reduction of the fees. The Court further finds that there are no exceptional circumstances in this case warranting a reduction of this presumptively reasonable lodestar figure. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). Therefore, based on the discussion above, Defendants are entitled to recover $31,727.50 in attorney's fees and $1,130.00 in costs,[2] for a total of $32,857.50.

### 4. Interest

Finally, Counsel requests an award of interest at the statutory rate found in NRS 99.040. Pursuant to NRS 99.040(1)(d), when there is no contract establishing an interest rate, a person is entitled to interest "[u]pon contracts, express or implied, other than book accounts." "The rate must be adjusted accordingly on each January 1 and July 1 thereafter until the judgment is satisfied." NRS 99.040(1). Under NRS 99.040, prejudgment interest accrues from the time "money becomes due." *Id.* This has been construed to mean that the interest is recoverable from the time when performance of a payment was due. *Safeco Ins. Co. of Illinois v. Midwest Fam. Mut. Ins. Co.*, No. 2:22-CV-01133-ART-EJY, 2024 WL 5275729, at *2 (D. Nev. Nov. 19, 2024) (citing *Paradise Homes, Inc. v. Cent. Sur. & Ins. Corp.*, 437 P.2d 78, 83 (Nev. 1968)).

Based on the information provided by Counsel, the earliest date upon which the Court can confirm that the entire amount was due is October 28, 2025, when the Notice of Attorney's Lien was served. (ECF No. 36-1 at 3.) The prime interest rate as of July 1, 2025, was 7.50%.[3] Thus, the Court finds that Counsel is entitled to 7.50% interest on the amount of $32,857.50, accruing until payment.

---

[2] Counsel provides documentation to show costs incurred pursuant to their representation in the amount of $1,131.00. (ECF No. 36-3 at 13.)

[3] Nevada Financial Institutions Division, Prime Interest Rate, https://fid.nv.gov/Resources/Fees_and_Prime_Interest_Rate/ (last visited December 9, 2025).

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Counsel's motion to withdraw as counsel and to adjudicate their attorney's lien, (ECF No. 36), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall update the docket to reflect the following address for Verify. In addition, a copy of this order and all documents hereafter filed shall be served on Verify via regular mail at the following address:

> Verify Smart Corp.
> Annamarie Seabright, CEO
> 40 Hillside Ave. Mahwah, NJ, 07430
> Mobile: 949-235-8181
> Email: annamarie@signaturepr.press

**IT IF FURTHER ORDERED** that Verify shall file a substitution of counsel on or before **Monday, January 12, 2026**.

**IT IS FURTHER ORDERED** that Counsel has an attorney's lien in the amount of $32,857.50, with a 7.50% interest rate accruing until payment.

**IT IS SO ORDERED**.

**DATED**: December 10, 2025.

_____
**UNITED STATES MAGISTRATE JUDGE**